at all. Argument not to exceed 15 minutes per side. Mr. Justice, you may proceed. Good afternoon, your honors. Drew Justice for the plaintiffs. Here we have to deal with two different issues. First, we have to deal with whether these inmates and parole applicants have any right-to-do process. And then secondly, we have to look at whether they've stated a claim that their rights were violated. In terms of the right-to-do process, I recognize that this court many years ago in Wright v. Trammell held that Tennessee parole hearings did not guarantee any type of right-to-do process. But there's basically three different changes that have taken place since that ruling. One, that ruling was decided before the Supreme Court in McCardin v. Allen. Two, it was decided in a case that did not involve any allegations as we've made here, that the board actually has a custom and practice of upholding Greenholts v. Inmates of Nebraska. And three, it was decided before a 2021 amendment in Tennessee called the Reentry Success Act. Now first, let me cover the amendment. Under the amendment in 2021, the parole board has to have some ground for denying parole. And they have to announce that ground in their denial. Not only is that requirement invoking one of the very rights required by Greenholts under due process, where they had to have a ground and state it on the record, but that very process of requiring a ground implies a presumption of parole in at least some sense. For example, if you're in a criminal court and you can only be found guilty if the judge or jury makes some finding that the prosecutor has proven you guilty beyond a reasonable doubt, and if you can only be found guilty if he can give that reason, that means you have a presumption of innocence. So similarly, if the parole board can only deny you parole if they have a reason, then on some level you do have a presumption of parole. Is there a right to appeal? Is there a right to appeal the parole board's decision through a writ or something? You have a right to appeal the parole board's decision initially to itself in an administrative proceeding, and then you have a pretty limited right to judicial review, where it doesn't look into the intrinsic correctness, but it does look into it on some level. So yes, to answer your other question, yes, sir. The issue is that your clients were complaining about the way this software works or whatnot. Could they raise that in an appeal, and did they raise that in an appeal to court? Well, first to administrative channels, I think they did, I think, but maybe not. But to court, how does that work? They have on some level. One of those is still pending, believe it or not. The other one, I think the judge denied it because she found that it was a harmless error at worst and didn't really rule on the issue. And so on some level, you do have a right to judicial review under Tennessee law. There's some process, maybe not as generous as you would... Yes, Your Honor. I would contend that the remedies issue, the state has raised that on appeal as a defense about our inability to plead, the inadequacy of state remedies. I would contend that they've waived that defense, and further that under Zinnerman v. Birch and some other cases that that defense really would not apply here. But in terms of the matter of practice we've pled, and I submit plausibly so that the parole board always denies you only based on the four disqualifiers from Greenholz, and I understand that the other side is suggesting that our argument there is somehow implausible, but frankly again, they didn't make that argument below. And in any event, when the statutes can at minimum be easily interpreted to set up a system like Greenholz, then I would submit it is plausible to contend that the board is indeed implementing such a system. You know, one of your arguments for finding a liberty interest in parole is based upon what you say are the board's customs. I mean, can you cite us to any case that would support that argument or any other support that might be helpful? The main cases that I've cited, the one that seemed pretty on point was Perry v. Zinnerman and that involved, I think that may have been a property interest rather than a liberty interest, but the same principle would apply where they said that even if he wasn't formally tenured in writing, the professor had a property interest in his job because he was unofficially tenured and that was their common custom. And so we're invoking that same principle here where regardless of what the statutes actually say, and I contend that the statutes do implement Greenholz, but even if they don't, if the board universally and unofficially is implementing that system, then you do have a liberty interest. I thought maybe Judge Cole was asking what's the record that demonstrates this or are there state cases that demonstrate this practice of basically always granting parole, which is I think consistent with the language of the statute, but maybe he was asking is there a custom and practice that overrides the terms of the statute? And the case you cited was not about this. It wasn't about parole, no, Your Honor, but it was about creating a liberty or property. I know, well, all right, so I'll just ask that question. So is there a record that you've developed or cases that sort of, or other pronouncements that say that basically it's the default parole and it's the rare case where you don't get it? There isn't any record because we haven't gotten to develop the record. This was a Rule 12 motion and so Your Honors and the judge below are supposed to consider all of our plausibly pled allegations. Do you plead there's a record of this? I mean, I just, like the statute, I don't think it's that helpful to you. We just pled that the board agrees with my reading of the statute and it does. And if you go to their website, they even specifically say that. I mean, that's not really in the record. So they do, in fact, agree with me. Whether I'm right or wrong, they agree with me and we've pled that and the court is required to accept that unless it's somehow implausible, which I submit as well. The scope of the agreement, the scope of the agreement is that they agree that parole is virtually a right? They agree that they will only deny you parole based on the same criteria that Greenhalgh says you can be denied parole. And that's one of our factual allegations in the complaint. Since we're on Rule 12, the court is supposed to accept that as true. They use the word, they cite the case, Greenhalgh's, or you're kind of... Again, I'm not, I'm citing my own complaint where I say... You're saying the parole board references Greenhalgh's? They don't use the word Greenhalgh's, but they do say that you can only be, they say how, on what grounds can I be denied parole if you go to their website and it lists the four grounds from Greenhalgh's? I guess, I mean, I would just look at the statute first and I would want really compelling evidence that the board's not... I appreciate the posture. We will submit, if it ultimately gets to that point, and if needed, we will submit really compelling evidence. Again, they admit it on their website, but at this point we're not to the point of presenting evidence, we're just making allegations. Like statistics? Statistics that would be publicly available that you could have put in your complaint about what percentage of inmates get parole, when? You know, if the other side had raised this argument and said that my complaint was somehow implausible or whatever on its face because I didn't include statistics that I might have asked to amend it again to include those statistics, but they didn't do that, so I didn't. And then... I'm a little caught on the Greenhalgh's and Allen timeframes. Greenhalgh's 1979, Allen 1987, which is some long time ago, and what we're struggling, and they set up Greenhalgh's four factors, replicated here, and your position is that the board agrees that those are the four governing factors, correct?  Is there not any other case law that would support the use of those four factors as indicating a liberty interest? I haven't seen this issue litigated much. I mean, the district court below cited, I think, three district court unpublished opinions against me. It hasn't been addressed, at least not much, since Wright versus Trammell and since Board of Pardons versus Allen. So that's why I'm trying to address it here. And again, the fact that they amended the statute in 2021 to basically incorporate Greenhalgh's or allude to it, you know, makes our argument even stronger since 2021. Under Allen, when you're reading the statute, I think it's 4028.117, and then when you compare that to 4035.503, they both use this language about parole being a privilege and not a right, and therefore you only get it if this condition is satisfied. In one of them, they say if you merit parole, basically, and it won't harm society's interest. In the other one, they use that same language, but they say it's a privilege and not a right, therefore you should be denied if, and then they read out the four Greenhalgh's factors. And so when you read those statutes together under the doctrine of in pari materia, it's not that hard to infer, as the parole board does, that you are a meritorious inmate if you don't fall into the four Greenhalgh's factors. And then I've also cited in my brief, if we're talking about plausibility, parole regulation 1100-01-01-.07 subsection 4, where they again read out the Greenhalgh's factors and seem to imply that those are the grounds on which you're denied. And so I submit that the statutes are correctly read to incorporate the whole Greenhalgh's system, but even if not... How do we go backwards in time where there was the statute and the rules in Tennessee, and it was the rules in Tennessee that were the reason that they found that there was a liberty interest, and then the rules were changed to remove that language that had given the liberty interest. Doesn't that play a role in this? I mean, it could play a role, but Board of Pardons v. Allen was decided just several months after Wright v. Trammell, and I would submit that it allowed for even more vague language, the exact kind of language we have in Tennessee, to give you a liberty interest. In Board of Pardons v. Allen, they had a layout where they said, an inmate shall not be granted parole if A, but shall only be granted parole if B. Here in Tennessee, we have that exact same formula, except it says, shall not if A, but if B, and they leave out the shall there. The word shall there is implied, even if it weren't implied in 4028.117, which is what I'm alluding to. If you turn to 4028.101, it says that this other statute shall be liberally construed so that meritorious inmates shall be dealt with in the community under parole supervision. And so we've got the extra shall in 4028.101, even if we view it as being missing in 4028.117. Does this have a relation to your argument that customs and practices may also play a role? I mean, ultimately, I submit that we should have standing and have that validly stated a claim, either if the statute agrees with me or if customs qualify. And under Perry v. Sinderman, customs should qualify. And so, you know, ultimately, that's what I'm saying. I don't have to be right about the statute. I just have to say that the parole board has accepted my view. My time is up. The customs are reflected by the four statements on the website? Among other things. I mean, I think I could produce statistics or could produce numerous witnesses. None of this was cited in the complaint. And your response to my question was because the state didn't press you on this.  You didn't amend your complaint. Correct. And I guess the other question that I'm still struggling with is, this is an important area of the law, and we're talking 1987 was when Allen came in, and 1979 when Green hopes was decided, and yet this is not a liberty issue concept that has been litigated that you have been able to find in the same way that you are arguing for today. Correct. I'm sorry? I just said correct. It just hasn't been. I'm not sure exactly why, but that's what we're doing today. If there are no other questions, I will come back for rebuttal. Thank you. Thank you. Good afternoon, Your Honor, and may it please the court. Joshua Minchin with the Tennessee Attorney General's Office on behalf of the appellees, members of the Tennessee Board of Parole. This court should affirm the district court for several reasons. First, Tennessee's parole statutes do not provide appellants Carvin, Thomas, and Terrell Lawrence with a liberty interest in parole, as confirmed in an unbroken line of cases going back to 1987 in both the state court and the federal court. And the 2021 statutory amendments that Thomas and Lawrence point to do not change this fact. Second, even if Thomas and Lawrence had a liberty interest in parole, they received all the process they were due under established Supreme Court and circuit precedent. And then third, regardless, the requested declaratory and injunctive relief is barred on statutory and immunity grounds, and the declaratory relief also fails to satisfy standing. But I'd like to start first with the merits and how Thomas and Lawrence do not have a liberty interest in parole. And I do think it is really important that we look first and foremost at the statutory language, as my friend was doing a minute ago, and see what it is that's stated here, and then how, if any, changes occurred in 2021 with the amendments there. So I think it's important... Before you go down that road, I'm struggling with a concept in this case. The concept is that there is, I think, pretty clear evidence in the record that strong R is improperly used, or that the people who feed the information into strong R are not adequately trained to use it correctly. I guess the most practical reason to say that is because you have these two gentlemen who were at a low or reasonably low rate, and then they transfer to another facility where somebody else is doing the annual work on it without any indication that there was a problem. Then all of a sudden they're high, and the things that are being listed about them are things like you have a mental health problem and you won't take your medicine and you've been in a mental health institute, none of which is accurate. I mean, I'm struggling with how... Where does that fit in this case? Yes, Your Honor. It seems really problematic to me. Yes, Your Honor. I take your point, and I think that is a reasonable question, and I think what is very interesting about this case is that when it comes to those particular allegations that maybe individuals weren't properly trained to input that data or whether the information, kind of what was going on there, it's the Board of Parole that is before this court. It is not actually the Board of Prisons, which is the one that actually inputs that information, which is actually the one that administers the stronger... But the Board of Parole chooses to rely on it in the face that it is not accurate. So isn't that the choice of the Board of Parole? I think it is important, and this question was asked with my friend on the other side a few minutes ago. That allegation has been made as far as plaintiffs here, but as far as any kind of widespread custom or a widespread issue with the strong are, that record is not here before the court. In order to establish a sort of widespread pervasive issue with the stronger, even at the 12B6 stage, it would be important to have additional information beyond just what the plaintiffs have alleged, and we don't actually have that here. And so to the extent that they are trying to allege a widespread problem or issue, that record hasn't been established here. And instead, what we have is a potential issue with how it is administered by the Board of Prisons, but at the end of the day, the Board of Parole has a lot of discretion in what to take into account, what not to take into account, and they are the ultimate decision makers. Do you think discretion includes relying as a core requirement on a test that the evidence that is before them shows is rendering inaccurate results? I think there's a lot of other sort of factors that need to be taken into account. For example, we were talking a little bit earlier, there was a colloquy between Judge Radler and my friend on the other side about what sort of process the individuals had in this case. And I do think it's important to note that both these individuals, as well as in Tennessee, there is a writ that inmates have the opportunity to appeal decisions to the Chancery Court. And so what happened here, as was noted, one of those is still ongoing, but in the other one, what it is that the Chancellor determined was that there were actually two independent grounds on which the Board denied parole. One of those had to do with the seriousness of the offense, which, in and of itself, was enough for the Board to deny parole because it was a violent Class A felony, attempted especially aggravated robbery. So even if you put the strong guard to one side, still, in and of itself, there was a separate factor that was sufficient to deny parole, and that's what the Chancellor... I think I'm not... I'm not really trying to dispute that. I'm just trying to understand the role that it is... it remains to be used. And the statements in the briefing was that it's secret. So I don't know that there's any repository that you could go to to actually do the evaluation. I would think that the Board of Paroles would want to be evaluating the program upon which they rely, because I don't know how a prisoner can, if the... I know that there was some record in here that the prisoner got, but technically speaking, the result of the test is confidential as to that individual, right? Yes, Your Honor. I do think it's important to note, too, that parole is not an adversary proceeding. That's what Greenholtz held, and so certain information that is relied upon even under Greenholtz, it is perfectly reasonable for that information not to be provided to the inmate. But I do want to take a step back and discuss how we don't even get to that point if there is no liberty interest provided by the statute in the first place. And so in looking at the Tennessee statutes, we see, first of all, that there is no shall be parole language provided, such as we have in Greenholtz or Allen. It is actually that the presumption works the other way. It says that no prisoner shall be released on parole, but only if the board is of the opinion that there's a reasonable probability that the prisoner, if released, will live and remain at liberty without violating the law and that the prisoner's release is not incompatible with the welfare of society. And that presumption against parole is strengthened by the fact that twice in the statutory scheme it states that parole is or parole being a privilege and not a right. And that's important because even in Mays v. Trammell, where this court found a liberty interest in 1984, it did so exclusively based on a since-abrogated regulation. But this court actually did look at the statutory language even then, and it said, the Tennessee statute under consideration sharply contrasts with the Nebraska statute. If this were the only language to be considered, there is clearly no liberty interest under the Greenholtz analysis. Not only is there no shall unless language, but the statute explicitly points out that parole is a privilege and not a right. You're at 117, right? 4028-117? That is correct. That is correct. Not the four listed factors at 4035-503? That is correct, Your Honor. And I think there's even another important point to make here, the fact that there's no liberty interest, and that is in the late 1980s, in 1989, there was actually the use of the word may be paroled, was added to the statute by the Tennessee legislature. So if you look at 4028-117, what it says is, even if all of what I just read was true, I just read that the board is of the opinion, there's a reasonable probability, all of that language, if the board so determines the prisoner may be paroled, and even in Allen itself, this was at page 378, note 10, statutes or regulations that provide that a parole board may release an inmate on parole do not give rise to a protected liberty interest. There were 10 examples given in Allen. This is another one that can essentially be added to that list of the may be paroled. But I do want to take a moment and kind of grapple with the Reentry Success Act of 2021 and whether any of those changes actually affect whether there's been a liberty interest created here. Crump versus Lafler in 2011, this court held that the salient factor is whether the statute contains mandatory language that creates a presumption of release when the designated findings are made. What we see here is that the changes particularly identified by Lawrence and Thomas is that upon declining to grant parole in any case, the board must state in writing the reason for declining parole and how the inmate can improve their chance of being released and also that now the board can no longer rely exclusively on the seriousness of the offense to deny parole for certain offenses. But neither of these in any way discount the requirement of the mandatory language that must create a presumption of release or even if we could take it a step further and say let us assume that the parole board does rely on the Green-Holtz factors in denying parole. I do think it's important as an aside to point out that on the Frequently Asked Questions website it starts off saying parole is a privilege and not a right. Then it provides those factors. I think that's important because that gets to the fact that there is no liberty interest. But even if we assume that when the board denies parole that it does so based on the Green-Holtz factors, even that is insufficient to confer a liberty interest under Green-Holtz and Allen. And the reason for that is because Green-Holtz and Allen discussed the particular factors also in the context of mandatory shall be paroled language. That's what this court was talking about in Crump v. Laffer and then also just looking at other circuits. That's also consistent with how they have understood this language. Look at Dace v. Mickelson, a non-bank 8th Circuit opinion from 1987 that we cite too in our brief. To create a liberty interest there must be both particularized substantive standards or criteria which significantly guide parole decisions and mandatory language similar in substance or form to the Nebraska statutes language at issue in Green-Holtz. And it says words such as shall or must. And Soltenfuss v. Snow, another en banc decision out of the 11th Circuit in determining whether a liberty interest is created. The court looks to one, whether the system places substantive limitations on the discretion of the decision maker so substantive limitations on the board. Two, whether the system mandates the outcome that must follow if the substantive predicates are met. And three, whether the relevant statutes and regulations contain explicitly mandatory language dictating the procedures that must be followed. Well here we've already seen that in Tennessee parole is a privilege and not a right. The language is not mandatory in any way similar to how it was in Green-Holtz and Allen. And also that even if all of the correct boxes are checked still the board only may grant parole. So even if we take my friend's kind of widespread custom argument we see that it's simply not enough to establish that there was a liberty interest. But even if there was a liberty interest... I'm looking at the Mays case that talks about Tennessee's privilege and not a right language does not demand finding that there's no liberty interest. What about the Crump case? Allen saying that Allen and Green-Holtz teach that the salient factor is whether the statute contains mandatory language like you're saying. It creates a presumption of release. It may be in a statute. It may be in a policy. I think that Crump v. Laffer was actually a more difficult case than this one in the sense that Michigan in its parole system was specifically there were certain prisoners that actually had a high probability of parole. And so there this court was tasked with trying to determine whether even those particular prisoners that had a high probability of parole whether they had a liberty interest or not. But that is not the case here. We are simply looking at the broader sort of statutory framework in Tennessee in which parole is a privilege and not a right. In which there is not a presumption of parole. In which prisoners only may be paroled. And so I would submit, Your Honor, that this is actually a more straightforward case than the one that the court was faced in Crump v. Laffer. But... In Mays also, you think? In Mays? So in Mays, the 1984 opinion, Your Honor? I'm sorry, I don't have the date on this. Oh, no problem, Your Honor. It's a bad second, it's an old age. Yes, Your Honor. So Mays was the one that dealt with exclusively with a regulation in Tennessee. Yes, Your Honor. And so since then, three years later, in another case, the Sixth Circuit held that because that regulation was abrogated. Yes, Your Honor. So the bottom line here is that to find a liberty interest would mean going against a core holding of Allen regarding that May language, as well as this own circuit's precedent and other circuits that have grappled with this issue, as well as the Tennessee Supreme Court, which has never found kind of how plaintiffs are asking this language to be read. They've never read it in that way. And so for all these reasons, we would ask this court to affirm it. Thank you. Your Honor, as we keep talking about this mandatory shall be paroled language, and I submit it's right there in front of us. If we look at 4028101A, it says that the statute should be liberally construed to the end that, and I'm having to skip over a few words here, but liberally construed to the end that persons convicted of crime shall be dealt with in the community under parole supervision whenever it appears desirable in light of the needs of public safety and their own welfare. That's the same type of shall language that you have in Board of Pardons v. Allen. And so it fits that test. Again, that test came out after Trammell v. Wright, but under the Board of Allen's test, it fits it. And even if elsewhere in the paragraph it uses the word may, the word may doesn't override the word shall. And so even if you don't even get to the other statutes I've sort of focused on, about 4035503, where it lists the four Greenholtz factors, or 4028117, where it sort of leaves out the word shall in the second half of the sentence, it's expressly in this statute. 4028101A. And then the Crump v. Laffler case, one thing that they do mention there is that this right to parole can be based on a statute, a regulation, or even policy statements or other official promulgations. And so when we get into my allegation that they do have a widespread custom and practice of doing this, they do it in every single case, I didn't list them in my complaint that they say it on their website, but they do say it on their website. That seems to be admitted. Those would all be official promulgations, so even if I were misreading the statute, by their policy or official promulgations, they're creating a liberty interest. And then with regard to this 2021 change, the Reentry Success Act, one of the things that it did was it listed for most offenses, it said seriousness of the offense, one of the four Greenholts factors, can't be your only ground for denying parole. Again, that's implying that those four Greenholts factors are the grounds for denying parole. If you had an infinite number of things you could deny parole for, then taking away one of them, the seriousness of the offense, wouldn't make a lot of difference. But if you've got four Greenholts factors that are your only reasons for denying parole, and then the legislature says in 2021 you can't use seriousness of the offense for most offenses anymore, then that does make a difference. So again, the legislature seems to agree with my reading of these laws. I haven't been able to focus a whole lot on the actual rights involving systematically unreliable testing or the fact that they're passing things over to a computer and making that determinative. But ultimately, I would contend that we do have a liberty interest. Those rights were violated, and I do ask for reversal and remand for further proceedings. Thank you all. Thank you both for good writing and good arguments on a complicated and important subject. The case will be taken under advisement and an opinion issued in due course.